(Nos. 4590 and 4599— )

MYRA M. MEISTER, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF EDWIN F. MEISTER, DECEASED, AND WILLIAM J. HARTMAN, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 7, 1958.*

HARRY L. PATE AND MANNS AND SHAW, Attorneys for Claimants.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On December 4, 1953, Myra M. Meister, as Executor of the Estate of Edwin F. Meister, filed her complaint against the State of Illinois, seeking damages in the amount of $7,500.00 for the wrongful death of her husband, Edwin F. Meister.

On January 7, 1954, William J. Hartman, filed his complaint against the State of Illinois, seeking damages in the amount of $7,500.00 for permanent injuries received due to the alleged negligence of respondent.

As both cases arose out of the same transaction, they were consolidated for hearing.

There is little dispute as to the basic facts, which may be stated as follows:

John Sills and Elmer G. Wheatley are engineers. On November 25, 1952, they were employed by the Division of Highways, and were engaged in a straight edge operation on Route No. 37. Sills was driving a 1948 Pontiac, owned by the State of Illinois, and Wheatley was seated in the trunk of the car operating the straight edge device. This device consists of an "I" beam, ten feet long and about six inches wide, with wheels at each end. Between the wheels are a series of bolts set at a given level, and, when the device passes over a black top pavement, it

will detect "high spots" in the pavement by making a scratching sound. When these sounds are heard, the driver stops the car, and they are noted on a record. These records are used in determining the final payment due the contractor. Apparently the smoothness of the road is a factor in the final settlement.

Edwin J. Meister, now deceased, William J. Hartman, Al Weber and Father James Casey had driven to Sandusky, Illinois to go hunting. Due to the inclement weather, they left Sandusky on November 25, 1952 to return home. Meister was the driver of the car, Hartman was seated to his right in the front seat, and Weber and Father Casey were seated in the rear. About three miles north of Farina, Illinois, at about 1:30 P.M., they collided with a state vehicle, which was being driven by John Sills.

Using the language of claimants' brief in describing the road condition, it appears as follows:

"That highway No. 37 at the point of collision was a blacktop, two-lane highway, recently resurfaced, approximately 22 to 24 feet wide. That at the time of impact it had been raining very hard, and had been raining since early morning. That it was a very dark, cloudy, foggy and rainy day, and visibility was bad. That just prior to the accident Mr. Meister had been driving approximately 50 miles per hour."

Edwin Meister died as a result of the collision, and there can be no dispute but what William J. Hartman was seriously injured, and suffered permanent effects from such injuries.

The complaint filed alleges a violation of the Uniform Act Regulating Traffic On Highways. (Ill. Rev. Stats., Chap. 95½.) It also alleges common law negligence.

Upon oral argument, it appeared that the work being done on the highway fell within the provisions of Chap. 95½, Sec. 120D:

"The provisions of this Act shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of the highway, but shall apply to such persons and vehicles when traveling to or from such work."

Therefore, claimants have limited their case to a charge of negligence.

Respondent did not file an answer, but contended in its brief that Edwin Meister failed to overtake and pass the state vehicle, as is provided by law, citing Chap. 95½, Sec. 153A; and, as a result, was guilty of contributory negligence.

"Overtaking a vehicle on the left. The following rules shall govern the overtaking and passing of vehicles, proceeding in the same direction, subject to the limitations, exceptions, and special rules hereinafter stated: (a) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the roadway until safely clear of the overtaken vehicle."

As to the claim of William Hartman, respondent contends that the state vehicle was not being driven in a negligent manner so that no liability would result from its operation.

Claimants presented the testimony of Louis A. Lush, a former employee of the Highway Department, who stated that he developed and thereafter manufactured a straight edge device. It was designed to be pushed by hand, and that he had never known of it to be pulled by a slow moving car, and, in his opinion, it would not do a satisfactory job unless pushed by hand. On cross-examination, he stated that, within reasonable limits, it would make no difference whether it was propelled by a man or a motor vehicle.

The Departmental Report stated that for short distances the smoothness tester device was pushed by an operator, and for longer distances the device was held by

the operator while riding at the rear of a motor propelled vehicle.

In searching the record for the alleged negligence of the state, we find that the state vehicle was being driven down the road at the rate of 15 miles per hour, and at the time was dragging the testing device from the rear of the trunk. This set of facts in no way constitutes negligence on the part of respondent. It may not be the most thorough and satisfactory method of determining the condition of the highway, but such conduct in no sense of the word constitutes negligence.

Claimants allege that this device should have been equipped with flags, lights or other warning devices, so as to warn oncoming traffic of the condition.

If there had been no other warning devices on the state vehicle, this point would be well taken, but it appears from the testimony of John Sills, the operator of the state vehicle, that the state car had tail lights on the sides of the car and not on the trunk, which were in operation, and that such lights were clearly visible from the rear.

On these facts, the Court concludes that respondent was not guilty of negligence in the operation of its vehicle at the time and place in question.

It appears from the testimony of Mr. Hartman that Mr. Meister did not attempt to turn out onto the left lane of travel, although that lane was open, and that the first time he was aware of the danger was from the squealing of the brakes and the almost simultaneous collision of the cars. This evidence leads to the inescapable conclusion that Mr. Meister was negligent in failing to note that the car ahead of him was being driven at a much slower speed than his own car. His failure to turn out,

or to apply his brakes until he was within ten feet of the state vehicle, was such evidence of contributory negligence that no award can be made to his estate.

In the case of *Porter* vs. *State,* 21 C.C.R. 116, claimant ran into a state truck, which was moving slowly down the road scattering cinders. It was equipped with lights, which were burning at the time. However, claimant was unable to stop his car in time, and struck the back of the truck. The Court denied a recovery on the grounds that claimant was guilty of contributory negligence, and, due to the similarity of the facts, we believe that the Porter case is authority for denying the claim of Edwin Meister.

Claimants argue that, if it be true that the facts disclose contributory negligence on the part of Edwin Meister, such negligence is not necessarily imputed to William Hartman, and cite the case of *Thompson* vs. *Riemer,* 283 Ill. App. 371. In that case, plaintiff's intestate was riding in the back seat of a car, and had gone to sleep. The car collided with a truck, and Mr. Thompson was killed.

The court held that it was the province of the jury to determine the questions of negligence and contributory negligence. The court held that, if the jury found the truck driver was negligent, and that Mr. Thompson, even though asleep, was acting in a manner consistent with that of an ordinary prudent man under like circumstances, the verdict would not be disturbed.

In the instant case, Mr. Hartman was awake. He was sitting in the front seat, and was in a position to observe the traffic ahead. We do not believe that he was guilty of contributory negligence in failing to watch the road more closely, but, as we have stated before, we do

not believe that respondent was guilty of negligence. Although the record shows that Mr. Hartman sustained painful and serious injuries, there is no way that this Court can make an award without first finding that respondent was guilty of negligence.

An award is, therefore, denied to Myra M. Meister, as Executor of the Estate of Edwin F. Meister, claimant in case No. 4590.

An award is, therefore, denied to William J. Hartman, claimant in case No. 4599.

(Judge Wham disqualified himself as a participant in the decision in this case.)